(Moses *v.* Bradley.)

---

[PHILADELPHIA, FEBRUARY 12, 1838.]

MOSES <em>against</em> BRADLEY.

IN ERROR.

In an action for an assault and battery, the defendant gave in evidence in mitigation of damages, the record of his conviction in the Mayor's Court, on an indictment for the same assault, and a receipt of the sheriff for the fine and costs of the prosecution: *Held,* that there was no error in the judge charging "that the record of the defendant's conviction in the Mayor's Court having been given in evidence by the defendant himself, it was no longer matter of doubt that an assault had been committed; and the plaintiff would be entitled to some damages."

ERROR to the District Court for the City and County of Philadelphia.

(Moses *v.* Bradley.)

[*273]    *Anna Bradley brought an action of trespass against Manuel Moses, to recover damages for an assault and battery committed upon her by the defendant.

On the trial before Judge Stroud, on the 18th day of May, 1837, the plaintiff gave some evidence to show an acknowledgment by the defendant that he had committed the injuries complained of; but there was no direct evidence of the fact. The defendant gave in evidence, in mitigation of damages, the record of the Mayor's Court, of the City of Philadelphia, showing his conviction on an indictment for the same assault and battery, and also a receipt by the sheriff for the fine, and costs of prosecution.

The judge, in his charge to the jury, told them, that "the record of the defendant's conviction in the Mayor's Court for an assault and battery upon the plaintiff, having been given by the defendant himself, that an assault had been committed was no longer matter of doubt : the mere assault was then established, and would entitle the plaintiff to some damages. The amount to be awarded was a question for the jury upon the evidence which had been given as to the character and extent of the injury."

The charge was excepted to; and the jury having found for the plaintiff, a writ of error was taken.

Mr. *Brewster,* for the plaintiff in error, contended, that the defendant had a right to give the record in evidence for a special purpose only; and that the conviction was not conclusive evidence of guilt in the civil action.

Mr. *Hazlehurst, contra,* cited *Delany* v. *Robinson,* (2 Wharton's Rep. 503); *Baker* v. *Lewis,* (4 Rawle, 356).

The opinion of the Court was delivered by

Huston, J.—The only question argued here was one of practice ; or perhaps some will think, of a principle, which if adopted, will introduce new practice. Evidence may after, as well as before a jury is sworn, be given to the Court alone, *e. g.* to prove that regular notice was given of the time and place of taking a deposition which is offered in evidence, of the sickness or death of a witness, who lives near the Court, and does not attend, in order to let a party read a deposition of the witness which has been taken; and, generally, any evidence preparatory to other evidence. In such cases, generally, the jury have nothing to do with such evidence. But here the evidence of the record of the conviction, fine, and costs, was read expressly to the jury, and for their consideration. The plaintiff could not have read it.

(Moses *v.* Bradley.)

What effect would *be produced practically, by deciding [*274] that a jury should consider testimony only in the point of view in which the counsel who offered it, told them he wished them to consider it, is not yet practically known, and perhaps never will be.  It will probably be left as a subject of conjecture.  The subject was before introduced to the consideration of this Court.  In 3 Rawle 180, it is said, " whenever a plaintiff introduces and makes the record of an action, and a recovery thereon against himself, the foundation of an action, or basis of a claim in an action by him against a third person, he is not at liberty to deny the principle on which it appears by the record it was decided, and the recovery had; or, in other words, not admitted to prove that the recovery against himself was wrong." But I deny that the Court said it was conclusive.  That after the record was produced by the defendant himself, " it was no longer a matter of doubt that an assault had been committed," is a strong expression, but not unusual, and not always error. Where facts are proved, and not contradicted and the defendant's counsel only contends in mitigation, a judge often uses similar expressions to those used here, and there is no error.  Where the evidence on both sides proves the same thing, and the defence is on the ground that the facts are in a certain way, it is not error to say that what is proved and not disputed, is not to be made a matter of doubt; at least it is not always so.  We would often do the greatest injustice if we took every expression put, not in the charge as delivered, but in a condensed abstract of it, in the sense which will make error, if we or the counsel can find any plausible. ground for so considering it.

In any view of the matter, there is not error.  If testimony is introduced purposely, or comes out unexpectedly from a party's witnesses, it is still testimony, and open to consideration in every point of view; and this record, introduced by the party for one purpose, became evidence for every purpose; and he who introduced it, could not say it was not true.

Judgment affirmed.

Cited by the Court, 11 Harris, 432.
See *post* 422